**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 4 2026

TAMMY H. DOWNS, CLERK
By: _Mark Moore_
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

VAUGHN PARK                                                    PLAINTIFF

VS.                     NO. 4:26 - CV- 00709 - BSM

SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC. and ENTERGY CORPORATION            DEFENDANTS

## COMPLAINT

Plaintiff, Vaughn Park, by and through his undersigned attorney, Brandon Lacy of Lacy Law Firm, and for his Complaint against Defendants, Sedgwick Claims Management Services, Inc. and Entergy Corporation, states:

### JURISDICTION AND VENUE

1.    This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq. ("ERISA"), to recover benefits due under an employee benefit plan, to redress breaches of fiduciary duties under ERISA, and to recover costs and attorney's fees as provided by ERISA.

2.    This is an action brought pursuant to section 502(a), (e)(1) and (f) of ERISA, 29 U.S.C. § 1132(a), (e)(1) and (f). The Court has subject matter jurisdiction pursuant to 29 U.S.C. 1132(e)(1) and 28 U.S.C. § 1331. Under section 502(f) of ERISA, 29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3.    Venue is properly laid in this district pursuant of section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or is found in this district.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Ervin_

## PARTIES

4.      Plaintiff Vaughn Park is an individual residing in Little Rock, Pulaski County, Arkansas.

5.      Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") is a foreign corporation with its principal place of business located in a state other than Arkansas. Defendant Sedgwick served as and performed the function of the administrator of Plaintiff's claim. As claims administrator, Sedgwick made the determination to approve or disapprove disability claims made by participants of the Plan. Sedgwick ostensibly operated, therefore, as a "fiduciary" of the Defendant Plan within the meaning of sections 3(21) and 405(c) of ERISA, 29 U.S.C. § 1002(21) and § 1105(c). Sedgwick's registered agent for service of process is Corporation Service Company, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201.

6.      Defendant Entergy Corporation ("Entergy") is an foreign corporation with its principal place of business in a state other than Arkansas. Entergy is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A) & (B), § 1002(21)(A), and § 1105(c). Entergy is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Entergy is a "party in interest" within the meaning of § 3(14) of ERISA, 29 U.S.C. § 1002(14). Entergy's registered agent for service of legal process is Darryl Phillips, 639 Loyola Avenue, 26th Floor, New Orleans, Louisiana 70113.

## COUNT ONE - CLAIM FOR DISABILITY BENEFITS UNDER THE PLAN

7.      Paragraphs 1-6 are re-alleged and incorporated by reference as if fully set forth herein.

8.      This Action falls under 29 U.S.C. §1132 of ERISA seeking recovery of benefits by Plaintiff.

9.      Plaintiff is a participant in an employee benefit plan which provided disability insurance coverage. The policy of disability insurance under which he has made a claim for benefits that was denied was renewed after March 1, 2013.

10.      As a participant, Plaintiff was entitled to short term disability benefits.

11.      Plaintiff is disabled as a result of memory impairment and dizziness/vertigo.

12.      Defendants initially approved Plaintiff's claim for disability benefits only to later deny his claim based upon the same available medical information. Defendants have unilaterally, arbitrarily and capriciously denied Plaintiff's claim for disability benefits. This unilateral and arbitrary denial of Plaintiff's disability benefits violates the provisions of ERISA and the provisions of the Plan itself.

13.      The amount of harm to Plaintiff is continuing at this time and is in excess of Federal Diversity Jurisdiction.

14.      Pursuant to 29 U.S.C. § 1001 et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan, past and future, all consequential and incidental damages incurred in result of the wrongful denial and termination of benefits thereunder, and all attorney's fees and costs herein expended.

## COUNT TWO - EQUITABLE RELIEF

15.      Paragraphs 1-14 are re-alleged and incorporated by reference as if fully set forth herein.

16.      Entergy is the Plan sponsor and "named fiduciary" of the Defendant Plan, within the meaning of § 3(16)(A) & (B), § 3(21)(A), and § 405(c) of ERISA, 29 U.S.C. § 1002(16)(A)

3

& (B), § 1002(21)(A), and § 1105(c). Entergy is a fiduciary of the Plan within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

17.     29 U.S.C. § 1132(a)(3) also permits the Plaintiff pursue equitable relief to enforce ERISA's provisions or the terms of the Plan. This statutory provision encompasses claims for breach of fiduciary duty, waiver, and estoppel.

18.     Plaintiff is entitled to recover against Defendants for breach of fiduciary duty, waiver, and estoppel, pursuant to 29 U.S.C. § 1132(a)(3) for its actions in this case. Specifically, Defendants initially approved Plaintiff's claim for disability benefits only to deny his claim based upon the same available medical information and a lack of improvement and condition. Defendants have failed to conduct a full and fair review, have ignored relevant medical information, and have failed to obtain or consider other medical information that would support Plaintiff's claim.

19.     Pursuant to 29 U.S.C. § 1001, et seq., Plaintiff is entitled to recover all benefits due and owed under the Plan as a result of the Defendant's breach of fiduciary duty and under the equitable principles of waiver and estoppel encompassed in the ERISA statutory provision.

## COUNT THREE - CIVIL MONETARY PENALTY FOR FAILURE TO PROVIDE A COPY OF THE PLAN

20.     Paragraphs 1-19 are re-alleged and incorporated by reference as if fully set forth herein.

21.     Employee Retirement Income Security Act, § 104(b)(4) provides that "the Administrator shall, upon written request of any Participant of Beneficiary, furnish a copy of the latest updated Summary, Plan Description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the Plan is

4

established or operated."

22.     Failure to comply with the above provision subjects an Administrator who fails to respond to a Participant's request for the Plan document within 30 days to be subject to penalties of up to $110.00 per day for each day past the 30-day response time if the documents are not provided. *See* § 502(c)(1) of the Employee Retirement Income Security Act.

23.     Plaintiff requested the above documents from the Plan Administrator on June 3, 2026. *See* Exhibits 1 and 2.

24.     Accordingly, Plaintiff is entitled to a civil monetary penalty against the Defendants in the amount of $110.00 per day for each day after July 3, 2026.

## COUNT FOUR - ATTORNEY'S FEES

25.     Paragraphs 1-24 are re-alleged and incorporated by reference as if fully set forth herein.

23.     Plaintiff is entitled to recover a reasonable attorney's fee and costs of the action herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court:

(1)     Award Plaintiff all past and future disability benefits to which he is entitled and interest as it has accrued since date of original entitlement;

(2)     Award Plaintiff the costs of this action and reasonable attorney's fees; and

(3)     Award such other, further and different relief as may be just and proper.

Respectfully Submitted,

Brandon W. Lacy
**LACY LAW FIRM**
630 S. Main Street
Jonesboro, AR 72401
(870) 932-4522
brandon@lacylawfirm.com

Brandon W. Lacy #03098

6



# LACY LAW FIRM

303 E. MILLSAP ROAD, SUITE 120
FAYETTEVILLE, AR 72703
P 479.595.0909
F 479.595.0928

630 S. MAIN STREET
JONESBORO, AR 72401
P 870.932.4522
F 870.932.4529

BRANDON@LACYLAWFIRM.COM     ◆     WWW.LACYLAWFIRM.COM

June 3, 2026

**VIA CERTIFIED MAIL**

Entergy Corporation
639 Loyola Avenue, Suite 300
New Orleans, LA 70113

> Re:  *Vaughn Park*
>     *Insurance Company: Sedgwick Claims Management Services*
>     *Claim No.: 4A2507NT072-0001*
>     *Employee ID: 000040384*

Dear Sir or Madam,

Please be advised that this office has been retained to represent Mr. Vaughn Park in connection with his claim for short-term disability benefits. We are in receipt of correspondence from Sedgwick denying Mr. Park's claim for disability benefits. At this time, we are requesting a copy of the **policy, plan documents, trust agreements, documents appointing any fiduciaries, summary plan description, any agreements between the plan and the plan's insurance company**, regarding the above-referenced claim. We look forward to receiving this information in the near future.

Please contact me with any questions or concerns.

Yours truly,

Brandon W. Lacy

BWL/sc

**EXHIBIT**

tabbies®

1



# LACY LAW FIRM

303 E. MILLSAP ROAD, SUITE 120
FAYETTEVILLE, AR 72703
P 479.595.0909
F 479.595.0928

630 S. MAIN STREET
JONESBORO, AR 72401
P 870.932.4522
F 870.932.4529

BRANDON@LACYLAWFIRM.COM    ◆    WWW.LACYLAWFIRM.COM

June 3, 2026

**VIA CERTIFIED MAIL**

Entergy Services, LLC
639 Loyola Avenue
New Orleans, LA 70113

> *Re:*    ***Vaughn Park***
> ***Insurance Company: Sedgwick Claims Management Services***
> ***Claim No.: 4A2507NT072-0001***
> ***Employee ID: 000040384***

Dear Sir or Madam,

Please be advised that this office has been retained to represent Mr. Vaughn Park in connection with his claim for short-term disability benefits. We are in receipt of correspondence from Sedgwick denying Mr. Park's claim for disability benefits. At this time, we are requesting a copy of the **policy, plan documents, trust agreements, documents appointing any fiduciaries, summary plan description, any agreements between the plan and the plan's insurance company**, regarding the above-referenced claim. We look forward to receiving this information in the near future.

Please contact me with any questions or concerns.

Yours truly,

Brandon W. Lacy

BWL/sc

**EXHIBIT
2**